Case 1:22-cr-00088-TJK   Document 1-1   Filed

Case: 1:22-mj-00061
Assigned To: Meriweather, Robin M.
Assign. Date: 3/11/2022
Description: Complaint with Arrest Warrants

# STATEMENT OF FACTS

On Sunday March 13, 2022 at approximately 08:50 A.M. in front of 3803 9th St. SE Washington, DC (PSA 706), Officer Dieng, Officer Samaraay, and Officer Salkanovic were patrolling in a marked Metropolitan Police vehicle 7063 using call sign CDU-7136 daywork, in PSA 706 when they observed a white in color Dodge Journey bearing Commercial Louisiana Tags N557457, run a stop sign at the corner of 9th and Wahler Pl SE. Officers conducted a traffic stop on the vehicle.

As officers approached the vehicle, they observed an individual, later identified as Keith Steedly (hereinafter "the defendant"), in the driver's seat. Officers also observed a minor child in a car seat in the rear seats of the vehicle. The officers told the defendant that he had passed a stop sign without stopping and asked the defendant for his license and proof of insurance. The defendant stated in substance to officers that he did not see the stop sign. The defendant stated in substance to officers that he did not possess a driver's license. As officers spoke with the defendant, they observed an open container of alcohol in the vehicle. The defendant stated words to the effect of "this is old beer, it's even warm" as he handed the container to officers. Officers asked the defendant to step out of the vehicle.

As the defendant stepped out of the vehicle, officers observed a black in color firearm on the driver side flood board. Officers were able to place the defendant in handcuffs and remove and recover the black in color firearm from the vehicle. The defendant was placed under arrest and transported to the Seventh District station for processing.

The handgun that was recovered from the vehicle was a: Make: Taurus G2; Serial number: tkr82870; Caliber: 9MM; Color: Black. The handgun appeared to be fully functional, designed to expel a projectile by the action of an explosive, had a barrel length of less than 12 inches, and appeared to be capable of being fired by the use of a single hand. There were no rounds chambered in the firearm and 1 round in the magazine. The magazine had a maximum capacity of 12 rounds. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have necessarily traveled in interstate commerce.

A WALES/NCIC query of the defendant revealed negative results for a Driver's License. WALES/NCIC checks on the firearms were conducted and revealed that neither firearm was registered in the District of Columbia and that the defendant was not licensed to carry. A criminal history check of the defendant showed that he was previously convicted of a crime punishable by more than one year in the United States District Court, District of Maryland, case number DKC-8-13-CR-00692-001. In that case, the defendant was sentenced to imprisonment for a total term of 132 months consisting of 48 months on count one [18 U.S.C. § 1951(a)] and a consecutive sentence of 84 months on count two [18 U.S.C. § 924(c)] and therefore, the defendant was aware at the time of this arrest that he had prior convictions for crimes punishable by more than one year.

Based on the foregoing, I submit that there is probable cause to believe that KEITH STEEDLY violated 18 U.S.C. § 922(g), which makes it a crime for a person previously convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm and/or ammunition.

_____
OFFICER ABDUL DIENG
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 14th day of March 2022.*

_____
ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE