UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :    Case No. 22-CR-88 (TJK) |
| | : |
| KEITH STEEDLEY, | : |
|     Defendant. | : |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing. The Government submits that the defendant faces a United States Sentencing Commission guidelines range of 37 to 46 months' incarceration, no mandatory minimum sentence, and a statutory maximum sentence of 10 years' incarceration. The sole legal dispute to resolve at the sentencing hearing is whether Mr. Steedley's prior conviction to Robbery in Maryland case CT081730X serves to enhance his base offense level under the United States Sentencing Guidelines. The relevant authority confirms that it does, as outlined further below. Thus Mr. Steedley faces a guidelines range of 37 to 46 months' incarceration.

The Government requests that this Court impose a sentence of 46 months' incarceration, to be followed by three years of supervised release, and including the U.S. Probation Office's programming recommendations. In support of this sentence, the government states the following.

### FACTUAL BACKGROUND

On Saturday, March 13, 2022 at approximately 8:50 a.m. in front of 3803 9th Street S.E., Washington, D.C., officers were on patrol in a marked police vehicle when they observed a white in color Dodge Journey bearing Commercial Louisiana Tags N557457 run a stop sign at the corner

1

of 9th Street S.E. and Wahler Place S.E. Officers conducted a traffick stop on the vehicle. As officers approached the vehicle they observed the defendant, later identified as Keith Steedley, in the driver's seat. The defendant was the only adult occupant of the vehicle.

In speaking with defendant Steedley, officers observed an open container of alcohol in the vehicle. Officers asked the defendant to step out of the vehicle. As defendant Steedley stepped out of the vehicle, officers observed a black in color firearm on the driver side floorboard. Officers placed the defendant in handcuffs and recovered the gun from the car.

The gun was a Taurus G2, with serial number tkr82870, 9mm semi-automatic pistol. There were no rounds in the chamber and one round in the magazine. The firearm's magazine had a maximum capacity of twelve rounds.

Defendant Steedley was knowingly and voluntarily in possession of this firearm and ammunition, which had been possessed, shipped or transported in or affecting interstate commerce. At the time he possessed the gun and ammunition, defendant Steedley knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year in the United States District Court for the District of Maryland, Greenbelt Division, Criminal Case No. 8:13-cr-00692-DKC-1.

## MARYLAND ROBBERY

The defendant's conviction to Robbery in Maryland serves to enhance his base offense level under U.S.S.G. 2K2.1(a)(4)(a). On April 25, 2022, the Maryland Court of Appeals, certifying a legal question referred to it by a federal court, issued a decision in *United States v. Dickson*, Misc. No. 7, 2022 WL 1210126, at *1 (Md. App. Ct. Apr. 25, 2022), where it found that Maryland robbery only includes "the use or the threatened use of force against the person." It thus satisfies the "elements clause" in the definition of "crime of violence" under U.S.S.G. § 4B1.2(a)(1),

covering any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."1

Put simply, the Maryland Court of Appeals' decision leads to the conclusion that Maryland robbery constitutes a "crime of violence."

The defendant argues that Maryland robbery is not a crime of violence because it supposedly can be committed recklessly, in violation of *Borden v. United States*, 579 U.S. 686 (2021). Defendant points to no courts endorsing his new theory for Maryland robbery—despite extensive litigation in this courthouse and the Fourth Circuit on whether Maryland robbery qualifies as a crime of violence, and pre-*Borden* Fourth Circuit case law indicating that the elements clause "'requires a higher degree of *mens rea* than recklessness.'" *United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018) (quoting *United States v. Middleton*, 883 F.3d 485, 498 (4th Cir. 2018) (Floyd, J., writing for the plurality)).

Moreover, Maryland robbery is a specific-intent crime and cannot be committed recklessly, as the Maryland Court of Appeals has repeatedly explained at length:

> The Committee to Revise Article 27, 8 in the Note annotating Art. 27, § 486, identified HN11 the "judicially determined meaning" of robbery referred to in that Section as "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence, or by putting him in fear," *see Darby v. State*, 3 Md. App. 407, 413, 239 A.2d 584, 588, *cert. denied*, 251 Md. 748 (1968); *State v. Gover*, 267 Md. 602, 606, 298 A.2d 378, 380-81 (1973), and as "larceny from the person, accompanied by violence or putting in fear." *See Tyler v. State*, 5 Md. App. 158, 162, 245 A.2d 592, 595 (1968), *cert. denied*, 252 Md. 733 (1969). Finally, the Note observed that "under the common law, robbery is a specific intent crime that requires intent to permanently deprive the owner of property." *See Gover*, 267 Md. at 606, 298 A.2d at 381; *Hadder v. State*, 238 Md. 341, 355, 209 A.2d 70, 78 (1965).

---

[1] On September 1, 2022, Judge Reggie B. Walton issued a Memorandum Opinion in a sealed case concluding that Maryland Robbery is not a crime of violence under U.S.S.G. § 4B1.2(a). The Government hereby notifies this Court and the defense of Judge Walton's non-binding decision.

3

*Coles v. State*, 374 Md. 114 (2003); *see also Metheny v. State*, 359 Md. 576 (2000) ("It is clear that there can be no robbery without a larcenous intent. . . . Therefore, as larceny is an ingredient of robbery, we look to the components of the former to ascertain the requisite mental element of the latter. Larceny is the fraudulent taking and carrying away of a thing without claim of right with the intention of converting it to a use other than that of the owner without his consent. . . . Because an intent to steal, the animus furandi, must be present, it follows that larceny, and therefore robbery, is classed as a specific intent crime."); *Harris v. State*, 353 Md. 596 (1999) ("Although reference to the intent requirement begs the question before the Court, we note that robbery is a specific intent crime, and that the specific intent required is the intent to permanently deprive the person of the property. *Gover*, 267 Md. at 606, 298 A.2d at 381."). Accordingly, it is not implicated by *Borden*.

      Defendant suggests, in his response to the draft Presentence Investigation Report, that Maryland Robbery could be committed by accidentally or negligently or recklessly touching the victim while grabbing her purse. But that unintentional conduct lacks the sort of "violence or putting in fear" required to establish Maryland robbery. And even if bits of case law could be read to cover such conduct, the defendant does not cite a single case where this has happened. The Supreme Court repeatedly has made clear that the "focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct'" that falls outside of the elements clause. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)); *see also United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017) (same); *United States v. Doctor*, 842 F.3d 306, 308-09 (4th Cir. 2017) (same).

4

Indeed, other circuits have consistently rejected these sorts of arguments about other state statutes, explaining that "the government does not need to prove a specific intent for every word in the elements clause." *United States v. Patterson*, 853 F.3d 298, 304-05 (6th Cir. 2017) (collecting cases). For example, "[t]he Fourth Circuit faced and rejected the argument that South Carolina robbery cannot qualify as a violent felony because 'it does not contain an explicit *mens rea* requirement as to the force or intimidation element.'" *Id.* (quoting *United States v. Doctor*, 842 F.3d 306, 311 (4th Cir. 2016)). The Fourth Circuit went on to explain that

> the intentional taking of property, by means of violence or intimidation sufficient to overcome a person's resistance, must entail more than accidental, negligent, or reckless conduct. . . . While hypothetical scenarios can surely be concocted to support robbery convictions based on accidental, negligent, or reckless conduct, given the total absence of case law, there is not a realistic probability that South Carolina would punish such conduct.

*Doctor*, 842 F.3d at 311; *see also United States v. Duncan*, 833 F.3d 751, 756-57 (7th Cir. 2016) (although the Indiana statute lacked a mens rea for the threat, the circuit court could "not see how, in the ordinary case, the State will be able to prove that a victim feared bodily injury if he did not comply with a robber's demands without showing that the robber employed a threat of physical force, either explicit or implicit"); *United States v. Seabrooks*, 839 F.3d 1326, 1340-41 (11th Cir. 2016). Thus, Maryland robbery is a crime of violence under the elements clause.

## DEFENDANT'S SENTENCING GUIDELINES RANGE

It is the Government's position that the defendant's base offense level for the sole count in the Indictment is 20 under U.S.S.G. § 2K2.1(a)(4)(A), as the defendant committed the instant offense subsequent to sustaining a felony conviction of a crime of violence, specifically Robbery in Maryland case CT081730X.

All parties agree that a 2-level reduction is appropriate under U.S.S.G. § 3E1.1 and an additional 1-level reduction is appropriate under U.S.S.G.3E1.1(b). See, Draft Presentence

5

Investigation Report ECF No. 11 at ¶¶ 20-21. As a result, the defendant's Total Offense Level is 17.

## DEFENDANT'S CRIMINAL HISTORY

The Government agrees with the criminal history calculation of nine points documented in the Draft Presentence Investigation Report, ECF No. 11 at ¶ 35. As demonstrated by this report, the defendant was convicted of Conspiracy to Interfere with Commerce by Robbery in the District of Maryland, Greenbelt Division, case 13-CR-00692-DKC in 2014. He was also convicted of Robbery in 2009 in Maryland case CT081730X and Attempted Robbery in Maryland case CT081782X. Notably, the defendant was on probation for his Maryland Robbery and Attempted Robbery when he was arrested in 13-CR-00692-DKC and was on probation for 13-CR-00692-DKC when he was arrested in the instant case.

The facts of case 13-CR-00692-DKC are as follows: On May 22, 2013 at approximately 9:20 p.m., defendant Steedley and his co-defendant entered the Largo Pizza Restaurant in Largo, Maryland. Defendant Steedley, who was brandishing a shotgun, went into the restaurant while his co-defendant stayed by the front door. Defendant Steedley pointed the shotgun at several employees and demanded money. Defendant Steedley took five dollars from a store employee and took the cash register money drawer and fled in a Jeep Cherokee. Police attempted to stop the Jeep a short time later. The Jeep turned on to a dead-end street and, when the officer turned onto the block, he saw a person, later identified as defendant Steedley, bailing out of the passenger side of the car and run into a wooded area. The shotgun, along with proceeds from the robbery, were found in the jeep, along with a second gun and additional ammunition. See, Exhibit A, Statement of Facts in case 13-CR-00692-DKC. Defendant Steedley was sentenced to a total of 105 months and was

released from jail on March 17, 2021. The defendant was on supervised release for this offense when he was arrested in the instant case.

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553

In sentencing the defendant, the Court must take into account the factors set forth in 18 U.S.C. § 3553(a), as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

        (I) issued by the Sentencing Commission….; and

        (II) that, . . . are in effect on the date the defendant is sentenced; …

(5) any pertinent policy statement—

    (A) issued by the Sentencing Commission … and

    (B) that, . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## SENTENCING RECOMMENDATION

The offense committed by the defendant is a serious one: he possessed a loaded firearm despite being a prohibited person due to prior felony convictions, and also while on supervised release for a case where he brandished and threatened employees of a restaurant with a shotgun in order to rob the establishment. Below, the government discusses its recommendation of a 46-month period of incarceration—the high end of the applicable guidelines range—and three years of supervised release in the context of the considerations enumerated in 18 U.S.C. § 3553(a).

### Nature of the Offense and Characteristics of the Defendant

The defendant's possession of a firearm in the circumstances here warrants a significant period of incarceration, as well as a period of supervised release to ensure his adjustment to living in the community.

Firearms present a serious danger to the community, particularly when in the hands of individuals with a history of violent conduct against others. *See United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) ("[C]arrying a loaded firearm—especially if the carrier has a violent history . . . has the great potential to escalate into violence."); *United States v. Biggs*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020) ("[P]ossession of a firearm . . . presents a serious danger to the community."). A firearm has the capacity to cause meaningful bodily injury—including death—such that their illegal possession poses an intolerable likelihood of harm. *See United States v. Kent*, Crim. Case No. 20-cr-209, 2020 WL 7353049, at *5 (D.D.C. 2020) ("Firearms present a

8

risk of danger from either intentional or unintentional discharge; each risk has the potential to cause injury or death to members of the community.").

The requested sentence is also appropriate given the defendant's history of violent conduct while on probation. In Maryland Case CT081730X (Robbery) and CT081782X (Attempted Robbery), the defendant was sentenced to 15 years' confinement with 10 years suspended and 5 years of supervised probation. Despite this, he was arrested on the federal robbery shortly after his term of probation began. Similarly, after he served over eight years in jail on the federal robbery, he was out in the community with a gun, despite being only about a year into his term of supervised release. Notably, that federal robbery, up until *United States v. Taylor*, No 20-1459 (June 21, 2022), when the Supreme Court ruled that inchoate Hobbs Act robberies did not suffice as crimes of violence under the elements clause. Regardless of the legal issue (whether the underlying statute involved violence such that it could be classified as a federal 'crime of violence'), factually, the defendant employed force when he threatened restaurant patrons during an attempted heist. This violent behavior, followed by unlawful possession of a firearm, is unacceptable.

Given the defendant's significant criminal background, the Government believes that the requested sentence is appropriate.

### Need for the Sentence Imposed

The sentence requested by the Government is necessary to "reflect the seriousness of the offense, to promote respect for the law," "to afford adequate deterrence to criminal conduct," to "protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The defendant's conduct of possessing a loaded gun, reflects a disregard for the safety of others, and frankly, his own safety and ability to remain in the

community. The government's requested sentence would provide a significant period of incarceration that seeks to prevent and deter the defendant from committing future crimes, as well as the maximum available period of supervised release to offer continued deterrence from criminal conduct and ensure a successful transition back to the community upon his release.

In this case, a substantial period of supervised release is necessary to enable the defendant to take advantage of the available support and programming and to serve as a deterrent from committing further offenses. Three years of supervised release following his period of incarceration is necessary to ensure that the defendant has been adequately rehabilitated before he re-enters society unsupervised. *See United States v. Leake*, Crim. Case No. 19-cr-194, 2020 WL 1905150, at *2 (D.D.C. 2020) ("Based on this history of . . . non-compliance with supervised release conditions, there is a danger that, if he is released, [the defendant] will continue to engage in the same types of unlawful and potentially dangerous conduct that led to . . . the firearms possession that is at issue in this case."). In combination, incarceration and subsequent supervised release will adequately reflect the seriousness of the offense and deter the defendant from committing new crimes.

The government's request for a sentence at the high end of the applicable guidelines range is reasonable given his background and the fact that he was on probation for a federal robbery where he brandished a shotgun at the time he was arrested in this case. According to the U.S. Sentencing Commission's Interactive Data Analyzer, defendants who were sentenced pursuant to §2K2.1 in Fiscal Year 2021, with a criminal history category of IV, often received sentences even greater than the government's request here. Specifically, of 1,473 cases reported to the Commission, 23.4% received a sentence of up to 24 months, <u>49.7% received a sentence of 24 to 59 months</u>, 21.5% received a sentence of 60 to 119 months, and 5.4% received a sentence of 120

months or more. *See* U.S. Sentencing Commission Interactive Data Analyzer, *available at* https://ida.ussc.gov/analytics/saw.dll?Dashboard&PortalPath=%2Fshared%2FIDA%2F_portal%2FIDA%20Dashboards. In addition, in Fiscal Year 2021, of 7,732, defendants sentenced pursuant to §2K2.1, 49.5% received a sentence within the guidelines range, and 40.3% received a variance. *See* 2021 Annual Report and Sourcebook of Federal Sentencing Statistics, Table F-6, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2021/2021-Annual-Report-and-Sourcebook.pdf. These statistics demonstrate that the government's request is well within the framework of fair and just sentences as determined by courts across the nation.

## CONCLUSION

The Government's recommended sentence appropriately balances the sentencing factors applicable to this case. For the foregoing reasons, the Government requests that the Court sentence the defendant, Keith Steedley, to a total sentence of 46 months of incarceration, followed by three years of supervised release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:  */s/ Meredith E. Mayer-Dempsey*
Meredith E. Mayer-Dempsey
N.Y. Attorney No. 5213202
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20530
Phone: (202) 252-7259